NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO K.L.

No. 1 CA-JV 22-0248
FILED 4-25-2023

---

Appeal from the Superior Court in Maricopa County
No. JD39605
The Honorable Robert Ian Brooks, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Bailey Leo
*Counsel for Appellee Department of Child Safety*

Maricopa County Office of the Legal Advocate, Phoenix
By Aimee D. Youngblood
*Counsel for Appellee K.L.*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael J. Brown joined.

_____

**C A T L E T T**, Judge:

¶1 Emeryald M. ("Mother") appeals the juvenile court's order terminating her parental rights as to K.L. ("Child"), arguing the Department of Child Safety ("DCS") did not provide sufficient reunification efforts because DCS should have provided more services. Because Mother did not request additional services or object to the services DCS provided before the severance hearing, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In October 2020, the juvenile court made a dependency finding that Mother was "unable to provide effective parental care due to substance abuse, mental health, and failure to provide for the child's medical care." DCS provided Mother with relevant services, including substance abuse treatment, a parenting aide, and therapy. Mother completed substance abuse treatment on November 3, 2021, but thereafter continued to test positive for marijuana and alcohol. She was referred to treatment two additional times. Mother was also documented arriving at an appointment smelling of alcohol.

¶3 Child has chronic asthma. Child's placement family brought him to frequent medical appointments, which Mother was also expected to attend. The medical appointments were scheduled twice a week, generally at 7:30 a.m., 8:30 a.m., or 3:30 p.m., and included breathing treatments. Mother could not purchase a personal breathing machine, but she did not ask questions about the process for otherwise obtaining one.

¶4 Mother drove her vehicle to Child's medical appointments that were forty-five minutes away from her home and did not request transportation from DCS. She would only provide DCS with same-day notice if she was going to miss an appointment. DCS prioritized the family who has Child in their care by allowing the family to reschedule medical appointments, if necessary, instead of Mother. Mother could reschedule other appointments, such as visitations, if necessary.

¶5            DCS reminded Mother that the medical office had a policy prohibiting a parent who was not on time from participating.  DCS advised Mother to arrive five to ten minutes early to avoid missing an appointment.  Mother responded to the advice by stating she "d[id] not have a problem getting to my sons [sic] appointments on time . . . ." and "[o]n time is on time."  In the five months before the severance hearing, Mother missed approximately eight out of fifty appointments.

¶6            Prior to the severance hearing, the court granted six separate motions finding reasonable efforts to finalize permanency, and Mother did not object by requesting additional services.  After the severance hearing, the court made extensive factual findings and determined the services provided did "constitute reasonable and diligent efforts by [DCS] to reunify Mother with the child."   The court further found that additional reunification efforts would be futile because Mother continued to abuse marijuana and alcohol.  The court terminated Mother's parental rights to Child under A.R.S. §§ 8-533(B)(3) and 8-533(B)(8).

¶7            Mother timely appealed.  We have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶8            Mother appeals the termination decision on one (and only one) ground—DCS did not provide diligent reunification efforts because additional services were not provided.  "Parents have a fundamental right to raise their children as they see fit, but that right is not without limitation." *Minh T. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 76, 79 ¶ 14 (App. 2001).  We "will affirm a severance order unless it is clearly erroneous." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151 ¶ 18 (2018).  We view the evidence in the light most favorable to sustaining the court's ruling and will not disturb a factual finding unless there is no reasonable evidence to support it.  *Adrian E. v. Dep't of Child Safety*, 239 Ariz. 240, 241 ¶ 2 (App. 2016); *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8 (App. 2004).

¶9            The juvenile court must "consider the totality of the circumstances when determining whether DCS has made diligent efforts." *Donald W. v. Dep't of Child Safety*, 247 Ariz. 9, 23 ¶ 49 (App. 2019).  "[A] diligent effort requires—at the least—DCS to identify the conditions causing the child's out-of-home placement, provide services that have a reasonable prospect of success to remedy the circumstances *as they arise throughout the time-in-care period*, maintain consistent contact with the

parent, and make reasonable efforts to assist the parent in areas where compliance proves difficult." *Id.* at 23 ¶ 50 (citation omitted).

¶10 Mother argues DCS's reunification efforts were deficient because DCS did not help her by (1) rescheduling Child's medical appointments; (2) providing transportation to Child's medical appointments; or (3) providing a breathing machine for Child. We disagree for two reasons.

¶11 First, Mother waived her argument. When the juvenile court record shows that DCS ordered specific services according to a case plan, and the juvenile court finds during the implementation of the plan that DCS made reasonable efforts to provide those services, a parent who does not contemporaneously object cannot later challenge that finding on appeal. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178–79 ¶ 16 (App. 2014); *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 349 ¶ 19 (App. 2013). Here, the juvenile court considered six separate motions requesting confirmation that DCS was making reasonable efforts to finalize permanency. Each resulting minute entry contained findings that DCS made reasonable efforts. *See Shawanee S.*, 234 Ariz. at 179 ¶ 17. Mother did not object to any of the six motions and did not otherwise request additional services before the severance hearing. *See id.*; *Bennigno R.*, 233 Ariz. at 349 ¶ 19. Mother, thereby, waived her deficient services argument.

¶12 Second, notwithstanding waiver, we have reviewed the record and conclude it contains sufficient evidence supporting the juvenile court's factual findings and its conclusion that DCS made reasonable efforts under the circumstances to provide Mother with appropriate reunification services, and any additional services would be futile. *See Bennigno R.*, 233 Ariz. at 350 ¶ 20. Mother contradicted her deficient services argument by unreasonably refusing to take steps to cure issues with attendance at the Child's medical appointments, such as asking questions or failing to begin her commute earlier. In any event, the services that Mother identifies as lacking would not, for the most part, address the multiple reasons why the superior court severed Mother's parental rights—prolonged substance abuse (*see* A.R.S. § 8-533(B)(3)) and length of time in out-of-home placement (*see* A.R.S. § 8-533(B)(8)) due to Mother's abuse of marijuana and alcohol, failure to address her mental health issues, and inability to recognize and meet Child's special needs. DCS is not "required to provide every conceivable service . . . ." *See Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994).

**CONCLUSION**

¶13 We affirm the juvenile court's judgment terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED: AA